Devereux, Appellant, vs. Peterson, Respondent.

*December 14, 1905—January 9, 1906.*

*Pleading: Amendment: Partnership: Settlement: Subsequent payments: Recovery: Parol evidence: Answer construed: Fraud: Burden of proof.*

1. Where, by amendment of the complaint at the trial, plaintiff alleges new facts it is proper to permit defendant to amend his answer to meet the new contention.

2. Although by a written settlement of partnership affairs one partner was discharged from all legal liability to pay a debt of the firm to his copartner, yet if, recognizing a moral obligation, he did pay such debt without fraud of the copartner, the legal effect of the settlement is of no significance; and in an action to recover the amount so paid on the ground that the payment was induced by fraud, parol evidence of all the circumstances of the transaction is admissible.

3. In an action involving the question whether certain lodge moneys loaned by one partner to his firm had been repaid, allegations in an answer—setting forth a habit of depositing such moneys in the cash drawer and stating that when such sums were paid back it had been done either by cash or check and that the slip in the drawer representing the deposit was then and there destroyed—are *held* to allege merely the custom which accompanied such repayments as were in fact made, and not to contradict a further allegation of the answer that the amount in suit had never been repaid.

4. In an action to recover moneys alleged to have been obtained by false representations the burden is upon the plaintiff to prove both the making of the alleged representations and their falsity.

Appeal from a judgment of the circuit court for Washburn county: A. J. Vinje, Circuit Judge. *Affirmed.*

Action in *deceit* to recover the sum of $194.25 claimed to have been paid by plaintiff to defendant by reason of certain false representations. Plaintiff and defendant having, prior to June 6, 1903, been copartners in running a country store, made settlement on that day, by which plaintiff bought out the defendant, taking over all the stock, credits, business, and assuming all the debts, and paid defendant $600, the amount found due on that settlement. Defendant had been treasurer of a local lodge, called I. S. W. A., and from time to time had placed the moneys coming into his hands as such treasurer with the moneys of the firm, placing memorandum slips in the cash drawer. Two days after the settlement he, as alleged, represented to plaintiff that there were $255.50 of such moneys which had been deposited with the cash drawer of the business and had not been repaid, and which had been due by

the firm to the defendant as treasurer, whereby plaintiff was induced to recognize such liability by crediting the lodge $61.25 upon rent owing by it to the firm and by paying to the defendant the balance of $194.25. The complaint alleges that the representation was false, by reason of the fact that the defendant had previously withdrawn all moneys of the lodge deposited in the cash drawer. Answer was a general denial with some explanation as to the circumstances under which the moneys of the lodge were deposited with the firm. At the close of the trial the jury found a verdict of no cause of action, upon which, after denial of motion for a new trial, judgment was rendered in favor of defendant for costs, from which plaintiff appeals.

*A. L. Bugbee,* for the appellant.

*L. H. Mead,* for the respondent.

Dodge, J.   The trial of this action proceeded upon such departure from, and confusion of, the issues joined by the pleadings as to render many of the questions debated, and the errors assigned, immaterial to the result.   The issue as originally framed was simple, namely, the representation by the defendant that there remained due $255.50 of moneys belonging to the lodge which he had loaned to the firm and which should be repaid to him as treasurer, which representation was alleged to be false by reason of the fact that all such sums had been repaid before the dissolution of the firm.   This issue of repayment was tried, and the plaintiff did prove payments, mostly by checks, of a considerable amount of money to the defendant for the use of the lodge prior to June 6, 1903. The defendant, however, offered evidence at least tending to show that similar deposits had been made prior to those payments, and that this sum of $255.50 had all been deposited subsequently and had not been repaid; and this issue was fairly submitted to the jury and presumptively passed upon in defendant's favor by the verdict.   At the commencement

of the trial, however, the plaintiff verbally amended his complaint by asserting that these moneys had been loaned to the firm by the defendant personally, and therefore, if not repaid, were a debt to him, he being responsible to the lodge therefor; the result of which would be that the written agreement of full settlement made June 6th would include and discharge any legal indebtedness from the plaintiff to him. Thereupon defendant was permitted to amend his answer by alleging that at the time of the written settlement it was expressly understood that liability for the amount of the lodge moneys was not discharged thereby, but they were to be paid in addition. One of the principally argued assignments of error is the allowance of this amendment. We can discover no impropriety or abuse of discretion in so allowing it. The plaintiff had rendered the fact material by an amendment to the complaint made at the trial, and it would have been highly unfair to refuse the defendant permission to meet this new contention.

A series of assignments of error are predicated upon the admission of evidence to support this new defense, based upon the contention that the written agreement of settlement was conclusive and could not be varied or added to by parol. For the purposes of this argument that contention may be fully conceded, but it has no relevancy to the present case. Neither plaintiff nor defendant was seeking to enforce legal rights arising out of that agreement, but plaintiff was seeking to recover back money which, as alleged, he had been induced to part with by fraud of the defendant. Although, by virtue of the written settlement, he might have been under no legal obligation to pay this additional sum, yet he had a perfect right to recognize a moral obligation to pay it, and if he did so, without fraud by the defendant, the legal effect of the prior settlement was of no significance. It was entirely proper to permit evidence of all the circumstances and conditions surrounding the transaction by which plaintiff claimed to have been defrauded.

Another contention of appellant which pervades numerous assignments of error is that the defendant's answer admitted that all sums of lodge money which had been deposited in the drawer had been paid back. This contention is based upon a misconstruction of the answer, which set forth the habit of depositing such lodge moneys, and proceeded to state that, when such sums were paid back to the defendant, that had been done either by cash or check, and the slip in the cash drawer representing the deposit was then and there destroyed. This, obviously, is merely an allegation of the custom which accompanied such repayments as were in fact made, and cannot be construed as a contradiction of the allegation that the $255.50 had never been repaid.

Another assignment of error is upon a charge to the jury generally to the effect that the burden of proof rested upon the plaintiff to establish both the making of the alleged representations and their falsity. Of this, as a general proposition of law, there can be no question. The plaintiff who alleges fraud must prove it. The contention that such proof was conclusively made by the written agreement of settlement and by the admissions of the answer is negatived by what we have already said.

We find no prejudicial error in the record.

*By the Court.*—Judgment affirmed.